And we'll move to our third case. Nationwide Mutual Insurance versus A.B. And as we bring in the parties. Okay. Before we get started, I'm responsible for the question that was sent to you from the clerk. Okay. And I wanna tell you where I'm coming from on this, okay? So the Supreme Court has told us that Article III case or controversy requirements, particularly the standing requirements, have to be satisfied at every stage of a proceeding. So for example, if a plaintiff invokes the jurisdiction of the district court, the plaintiff has to establish that that plaintiff has standing to suit. Justice Scalia once famously described standing as the equivalent of saying to someone, what's it to you? But that also applies when it's taken on appeal. So whoever appeals has to have standing to complain about the judgment of the district court. I certainly understand how an insurance company can invoke the jurisdiction of the district court about, for example, its anticipatory obligations under an insurance contract. I also understand that if there were an adverse judgment against the insurance company and it were taken then on appeal, so the insurance company, it was ruled there is coverage for this incident, the policy covers this incident, the insurance company wants to appeal that. The insurance company, who's now financially on the hook under the policy, would certainly have standing to complain about that. But here, the only judgment of the district court, as I understand it, is a judgment that the insurance company has no duty to defend the insured, that's it. There's not a duty to indemnify a claim that was adjudicated by the district court, rightly or wrongly, that was dismissed as unright. The only ruling is no duty to defend. I don't understand how the plaintiff in the state court suit, who sues the insured, has any injury from a judgment of no duty to defend. And the Seventh and Sixth Circuits have both said there is no standing to complain about that. So that's where I'm coming from, Mr. Briggs. Yeah, okay, thank you. May it please the court. And that's a great issue, Judge. I know it's not been really fleshed out in the Levitt Circuit. Here's the Alabama law requires for declaratory judgments that all interested parties be made a party to it. And the purpose of making the- How is your client injured by the judgment of the district court? That's what I need to know, as a matter of federal disability law, standing. Okay, I'll answer that question. When we get a judgment in the state court case against the insured, and we seek indemnity, Nationwide is going to hold this judgment against us. Let me tell you why that's not gonna be a problem for you. If we say you're not injured by this judgment, that you have no opportunity to complain about it, you can make every argument you want about why, in fact, they do have a duty to indemnify, notwithstanding whatever happened between the insurer and the insured. You would not be bound by res judicata or collateral estoppel if you can't appeal that, but anything about that judgment. Judge, if that's true, that's fine. But here's my concern. That is black-letter law. Well, in the district- If you're dismissed on standing grounds and you could not address the merits of it, then you would not be able, you would be, you had all this post-trial evidence, right? The post-judgment evidence that you wanted to submit, right? Sure, yes. You could do it. Judge, here's the situation I wanna avoid. I wanna avoid a situation where, when we come back on indemnity, that there's the argument that we're precluded, issue preclusion, because the district court put in her order that my client's notice to Nationwide was unreasonable. I mean, the delay, she specifically called- Well, it's the insurance notice, right? She pointed to my client. Her order on page, document 38, page 10, said that my client, the tort victim's notice was unreasonable. So, you know, here's the thing- The only thing that's been adjudicated here, though, is the duty to defend. And insofar, I mean, your client can make all kinds of arguments about a duty to indemnify. I mean, first of all, you don't have a judgment, right? In state court. No, sir. But Judge- I mean, this is super speculative about what's gonna happen later. Judge- And the thing I'm interested in is, how does this judgment injure you, right now? Well, Judge, the cases that have looked at this have said that the duty to defend is broader than the duty to indemnify. And there's case after case that says if there's no duty to defend, there cannot be a duty to indemnify. And, you know, the justice- But there can be different theories. You read the 7th Circuit decision, right? I did. Yes, sir. What's an error about that? What's an error about that is that the fact that the trial court made a- in my case, made a specific finding that the tort claimant's notice was unreasonable. I mean, she made a finding as to my client's notice, not just the insured's notice. So I don't see how that couldn't be applied to my client later when we come back- Well, if you're not injured by this judgment in a direct way for Article III standing purposes, and therefore can't contest it, that won't bind you. Judge, there are some district courts that have looked at this issue, including an Alabama case where the judge said, even on the duty to defend, the tort claimant has an interest in it because once the defense is removed, there is no- The thing about that is that what state courts say about how things work in their own proceedings does not define federal court jurisdiction or federal standing. It's a federal district court, Southern District, Alabama, that looked at the issue- Well, I like to remind my district judge friends, they don't make law. I understand. I understand, Judge. You can see, though, how this case is unique because the trial judge just didn't say, well, the insured didn't give notice, but they said, even assuming my client's notice was sufficient, it was late, and she made that determination- I understand that. Yeah. Here's the thing, Mr. Reeves. Let's say you'd never been a party to the case, okay? Sure. And the district court had made that determination. Right. Do you have any doubt that that wouldn't bind you? I have no doubt. Judge Farrar, when we're back before this 11th Circuit on indemnity, I'm gonna just ask for a video recording of this. Well, I mean, I can only, first of all, I can only speak for myself. Sure. I may not have the agreement of the other judges on this point. But if I were writing, I could certainly write the point that because this issue's not contestable for standing reasons- Right. The judgment can't bind you on this point. I mean, I think there's clear law about that. So that would be, you wouldn't need any video. Mr. Reeves, can I, in the time you have left- Sure. Could you please address why you think on the merits the district court got the issue of notice wrong at summary judgment? Yes, sir, I can. The plaintiff nationwide is the master of their complaint. And if you take out a highlighter and you highlight in the complaint the motion for summary judgment, every time they made an allegation that my client's notice was insufficient, you'd never take the cap off that highlighter. And what you find is, they say over and over and over, our insured failed to give proper notice. They even mentioned that we gave notice, but in conclusion to that statement that they received notice from my client, they said, but our insured failed to give notice. They never once challenged the notice. And what we said, here was the nationwide's argument. Our insured failed to give notice. He was in prison. He doesn't care about this case, but we gave notice. And our response over and over was, well, we gave notice, the insured may not have, and we can give notice. So for the trial court to come back and say, the 10-year-old tort claim victim, she was 10 years old. And for her to know that this insured had an umbrella policy with nationwide at 10 years old, and that her notice was not timely when neither the court or nationwide, nationwide never advanced that argument. They never did. Your first point, as I take it from what you've said here from your brief on the merits, is that nationwide never argued that notice from you or your client was deficient. They only focused on the lack of notice from the insured. Yes, sir. And then your second point, because the district court, then you respond to the motion for summary judgment, and you say, even if the insured did not provide notice, we, the tort claimant, provided notice. That's correct. The district court addresses that in its order. Tell me why the district court got your notice issue wrong. They said the time delay was unreasonable. And judge, there's law that says in Alabama, even the trial court improperly concluded that a delay of four or five years is unreasonable without inquiring into the reasons for delay. And the trial court never asked for the reasons for delay. You know, at that point, when I got the trial court's order, I said, hey, there's some reasons here. It's not like a correct case where you exchange insurance information at the scene. This was a 10 year old. It took, we had to do discovery. It took a while to get this information, but the trial court assumed just based on time that the notice was unreasonable. We would have loved to address that, but Nationwide never once argued that. And so I felt blindsided when the trial court said, well, even if the minor child notice was sufficient, it was too late. But the trial court could at least ask before granting a summary judgment against us. Anyway, hope I answered your question. You did, thank you. Do you have anything else, Mr. Reeves? Judge Anderson, do you have any questions? I do think that the insurance company did in fact raise the issue of the reasonableness of your notice. In the brief that Nationwide filed to the district court, docket 31 at page 33-34, it expressly talked about assuming Jones was properly served with the subpoena. Nationwide was not notified of the potentially applicable occurrence under the umbrella policy until at least 51 months after the last incident. This is more than 10 times longer than the delay considered by the Supreme Court of Alabama in files. And then they have a parent describing files where the court determined that Nationwide did not have a duty to defend or identify the insured because of his failure to provide notice of the incident in a reasonable time and his subsequent failure to offer any evidence or justification for not providing notice. So it seems to me that contrary to your argument, the insurance company did in fact in its brief to the district court raise the issue not only of the reasonableness of the insured's notice, but the reasonableness of your own notice. May I answer your question? Sure. Can I respond? Just judge, if you'll read, there's no allegation or assertion with all due respect that my client's notice was late. What they said in that next paragraph, that if you'll read the next paragraph. I realize the next paragraph goes back to the insured. It does. Why does not that call your attention to and alert you to the necessity to respond with reasons and excuses about your own? Well, when someone says to me that I think there's no insurance coverage because our insured didn't give notice and throughout their brief uses the word because our insured, and does know that they received notice, but could have just as easily have said because the minor claimant didn't give notice. I mean, that would have been one sentence to put in there. I just can't pre... I just don't know that it's my responsibility to assume unmade arguments. It's not an issue. It's an issue that I would have gladly have addressed. I understand your answer. And I do think the insurance company's brief certainly focused primarily on the unreasonableness of the insured's notice. So my only problem really is that we have an abuse of discretion standard. The district court, you made this argument in the rule 59 motion. The district court said you did have a full and fair opportunity. So we got to, we have to decide that. And it's a hard issue. I agree with you. Sure. Mr. Reeves, before it's all over, you might come around to my view of standing. Judge, listen, I'm not arguing. Let me tell you something, you got a bad day on the merits. Yeah, I'm not arguing with you. I'm not arguing with you on standing. I want you to know, if I may, I just don't want to come, when I come back, be saying, hey, that's issue preclusion. And I think- Well, I direct your attention to the restatement second of judgments, section 28, re-litigation of an issue and a subsequent action between the parties is not precluded when the law against whom preclusion, when the party against whom preclusion is sought could not, as a matter of law, obtain review of the judgment and the initial action. That's pretty black letter. Yes, sir. You see my point? I see your point. And if the court sees fit to roll that way- I'm not sure it will. Sure. Sometimes I have debates about, with my colleagues about the law of standing and sometimes I have to go unbuckled. Ms. Long. Good morning. May it please the court. My name is Felicia Long and I represent Nationwide. The district court did not err in ruling that Nationwide does not have a duty to defend Mr. Ferro in a state court action. Yeah, I don't know how Mr. Reeves' client has standing to complain about this. Okay. And your honor, given that I realized that this is a very interactive bench this morning, I'm gonna go ahead and jump straight into the notice and to the jurisdictional questions that you presented. Specifically your question one, does the declaratory judgment issue by the district court injure AB? And y'all already kind of gone to the heart of the issue, which I was going to address. I mean, the district court ruled that your client has no duty to defend the insured. That helps him. It means he's gonna face an unrepresented, likely face an unrepresented defendant. Not always true though, because on the ground in the real world, the insurance company, if there's a duty to defend, provides an attorney for the insured. And although the attorney has an obligation to the insured and not to the insurance company, there is ongoing discussion between that attorney and the insurance company about all sorts of things. That's true. People buy insurance policies for a reason. And it's usually because they can't afford attorneys on their run. Well, if I could finish my thought. I didn't get even an answer to my question. Well, if you asked a question, I'm happy to wait until Ms. Long answers it, and then I'll start all over again. I've got plenty of time. So Ms. Long, if you wanna answer the chief's question, go right ahead and I'll read my turn. How does that hurt him? It doesn't, is what I said. How does it hurt him? And then Judge Jordan started to answer the question for you. Okay. Judge Pryor, I'll address your first question, which how does it injure AB? And so actually as opposing counsel started to recognize, and which actually is correct, the duty to defend is much broader than the duty to indemnify. So if the insurer does not have a duty to defend, it most likely does not have a duty to indemnify as well. And with that point, I want to specifically realize the difference in the distinction between the cases cited by this court with regard to this question and the case at- The court didn't decide the duty to indemnify, right? Not in this particular issue. However, the decision that has been made by the district court should have a binding effect on Mr. Reeves' client because they are- Not if he's dismissed because he doesn't have standing to complain about it, because it doesn't injure him in a direct and personal way, which is what the Supreme Court has said the test for appellate standing is. Yes, Your Honor. But the state and federal courts here in Alabama have said a tort claimant is an indispensable party for declaratory judgment actions. And the reason being is they want it to have all judgments to have a binding effect. What state courts say about the general jurisdiction of their courts does not bind us when it comes to our jurisdiction, which is more limited. Yes, Your Honor. And I'd like to refer- If I can, I'd like to do two things because I think it helps really put this in the context of insurance law. You know, when we analyze insurance coverage, there are three main sections of a policy that we look at. We first look at the coverage sections, then we look at the exclusions, and then we look at policy conditions. The cases that were cited by the court and our questions that were presented were premised on one and two, on the conditions and the exclusions in the policy. The opinion in those cases were not premised on policy conditions. When a court rules that the insured has failed to comply with a policy condition, which is a condition precedent to coverage, it bars all coverage. It bars coverage for a duty to defend and a duty to indemnify. And for that reason, the trial court's decision in this proceeding will have a binding effect later if and when AB acquires a right to pursue indemnification at that point in time. Ms. Long, I don't know whether I agree with Chief Judge Pryor's take on appellate standing in this case, but I'm not sure that your answer solves his question because the reason that the district court rules that there's no duty to defend, it seems to me probably shouldn't determine whether or not there's appellate standing. I mean, the rationale is almost irrelevant to the standing question. You've got a judgment, and the question is, according to what the chief believes, I think, you have to be injured by that sort of judgment. And what two circuits have said. On the other hand, to turn to the, I'll leave my other question be, because I don't think it matters much anymore, but I'll turn to this one. Chief Judge Pryor correctly said that what state courts do with regards to indispensable parties and joining of parties doesn't really control what federal courts do in terms of justiciability. I think that's an absolutely correct statement of law. But the Supreme Court has held as a matter of federal case or controversy law that an insurance company can sue both the insured and the tort claimant under the Declaratory Judgment Act. And so if Chief Judge Pryor is right, and he may be about appellate standing in this case, it means that the exercise of joining the tort claimant in those sorts of suits is a fruitless exercise because if the insurance company wins, the tort claimant will never be able to appeal. The insured may be able to appeal, but the tort claimant will never be able to appeal. And so the insurance company will have gone through the exercise of joining the tort plaintiff in the district court as permitted by the Supreme Court in a case called Maryland Casualty from long ago, but yet there's no appellate remedy for the tort claimant. The Maryland Casualty Citation, I'll get for you in a second, but that's just a thought. It's a very sort of weird procedural conundrum. It's 312 U.S. 270. It's a 1941 decision that involved a suit involving both the duty to indemnify and the duty to defend. Obviously, so let me make sure I understand this. So if there's a duty to indemnify ruling, that's going to affect the tort fees or in a direct and personal way that a judgment about only the duty to defend will not. That's my concern about Maryland Casualty. I think why I don't think it speaks to this issue. I assume the parties haven't read that case. It was not something we gave y'all in our notice. No, Your Honor, but there actually is another case that is referenced in the briefing, not for this proposition, but this is what the case holds. And if you'll go to the Pennsylvania case, it addresses, I'm sorry, I was trying to get to that real quick. It addresses both the duty to indemnify and trying to find a real- Yeah, if we have a case that involves duty to indemnify and duty to defend, and we get a judgment about it, then I understand how the state court plaintiff is directly affected by that, okay? I get it. The peculiarity of this litigation, and the only decisions that I have found about this are the ones from the Seventh and the Sixth Circuits. All the others are cases where both the duty to indemnify and defend were at issue. And I totally understand how there's a case for controversy when the duty to indemnify is at stake, because that's economic. Somebody's gonna win and somebody's gonna lose on the economic question. I get that. It just doesn't seem to me that when the cases are about whether there's a case for controversy and the duty to indemnify is live and at issue, that those really speak to our problem as a jurisdictional matter. And so to address both your and Judge Jordan's dilemmas or trying to sort through this, that is why I was trying to explain the uniqueness of this case versus some of the other cases that have been cited by the court. In this particular situation, the trial court has said the insured has failed to comply with his duties under the policy. The insured did not provide- Yeah, but you're going back to the reasoning. The judgment is that there's just no duty to defend the insured. And I don't know if we're gonna get very far with much further with this. Maybe I don't wanna preclude you from having a full opportunity to talk about the merits. Should we reach the merits? Because that was addressed by your adversary and at the beginning. Right. I will take that as an indication to move on from the jurisdictional questions, but in the event the court has any further questions- You know, if you have something new to add to it, that's great. But if not, I probably wouldn't. If I can, I will just refer the court to one specific case that I thought was a very good reasoning as to why we require the tort claimant to be named as an indispensable party. And that was- Is it an article three standing, appellate standing case? I suspect not. I would say no in the way that you want to count that. I like candor. I always like candor from counsel. Okay. Give us the site anyway, the name and the site. Thank you, Judge Anderson. So the name of the case is Harleysville Preferred Insurance Company versus International Paper. And that was written by Judge Moore here in the Southern District of Alabama. He just really went through the analysis and did a good understanding as to why we proceed the way we do with these declaratory judgment actions. And the site, do you have the site? Yes, sir. The site is 2021 WL1206409. Thank you. Yes, Your Honor. And so then to address the merits of the appeal with regard to specifically whether or not there was sufficient notice that was compliant with the policy, there absolutely was not. As we have made very clear in our briefing to the trial court and to this appellate court, there was a four to five year delay between the occurrence, the criminal activity that occurred and when Nationwide received notice of the occurrence. And that is a timeframe that spans when Mr. Barrow failed to provide any notice at all and or when AB finally provided notice. And- It does seem to me that your brief to the district court, your initial brief to the district court focused primarily on the reasonableness of the notice given by the insured. It is true that portion that I read you did refer also to the reasonableness of AB's notice and did hold that it was too late. And it held it was too late because it was 10 times more than the notice considered too late in Supreme Court of Alabama's case files. But as a matter, it is almost excusable it seems to me for the plaintiff to have read that brief is dealing at least primarily with the reasonableness of the insured. And so in the plaintiff's answer, the plaintiff did not purport to provide reasons and excuses for its own four to five year delay. And not withstanding the fact that Alabama law in Thomas and files and several other cases Miller, in fact, repeated cases say that if a party, an insured or an injured party fails to provide prompt notice and fails to give reasons or excuses, justifications, then judgment as a matter of law is appropriate. That's what the district court did. And then when plaintiff complained about it or when the injured party here, AB complained about it in a rule 59, the district court held, well, you didn't give us any reasons or justifications and therefore judgment as a matter of law was appropriate. How do you respond to that? It put the AB in a pretty hard position seems to me. Your honor, I respectfully disagree. Specifically in our motion for summary judgment, what we did is we pointed out and specifically quoted provision four of the policy conditions, which is notice. We quoted that policy condition saying that this has got to be followed and then said that it was not followed. And so AB had sufficient notice of what exactly we were arguing as to what had not been complied with regard to the policy. And if you'll go to that policy provision, what it states is you, meaning Mr. Barrow or someone on your behalf, meaning Mr. Barrow's behalf must as soon as reasonable possible give written notice of an occurrence, which this policy may apply. So again, when we enter into an insurance policy, contract principles apply. The contract was between Nationwide and Mr. Barrow. So it was Mr. Barrow's obligation to provide the notice to Nationwide and or it would could have been someone on his behalf. The policy does not speak to or allow the timeframe to be extended for an unknown claimant to come in and just extend the timeframe and reason. The Alabama cases in both Files and Miller have said, assuming arguendo and an injured party can provide the notice, then we look at the reasonableness of that notice. Correct, and they are standing in the shoes of the insured at that point in time, meaning the notice starts to run from the time of the occurrence. And as you pointed out very correctly, the injured party in this particular action provided no explanation as to why notice was not provided within the four to five year time period. Are there any other questions? Thank you, Ms. Sloan. Mr. Reeves, you saved some time for rebuttal. Well, in my reply brief on page four, I quote a couple of cases that talk about a delay of four or five years for notice is not necessarily unreasonable that the court should at least inquire into it. And all I can say is to the position or argument or suggestion that Nationwide in its complaint, our motion or summary judgment in any way, they said, well, we did get notice, but continually focused on their insured. And here would be my point on that. If you're gonna take issue with the fact that we gave notice untimely, at least the trial court at least should go into the reasons why. And it makes sense. I mean, these are not adults. This is a tort claim for a 10 year old little girl who filed suit and in the course of discovery, found out that the insured had a umbrella policy and gave notice. So there's nothing, it's not like anyone's sitting on this information for a year or two. I just hope the court will, if it assumes that we have standing would take that into account and at least let us explain to trial court the reasons for what they argue as a delay. And we argue was we were actually, I felt like working pretty promptly to find out if there was insurance coverage. I really don't have any other thing to add, your honors, unless there's something y'all wanna ask me. I don't hear anything. Thank you, Mr. Reeves. We always appreciate time being returned to us. We'll move to the last case. Thank you.